# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIXSA MELENDEZ, ET AL | * | |
| | * | Civil Action No. |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| RONALD SMALLING, ET AL | * | |
| | * | OCTOBER 27, 2017 |
| Defendants. | * | |
| | * | |

## NOTICE OF REMOVAL OF ACTION FROM THE SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW HAVEN, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT PURSUANT TO 28 U.S.C §§ 1441 and 1446

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C §§ 1441 and 1446, the defendants, RONALD SMALLING, JNR FREIGHT CORP., and EASTERN DRAYAGE, INC. (hereinafter referred to as "the defendants") by and through their attorneys, hereby remove the above-captioned case from the Superior Court of Connecticut, Judicial District of New Haven and in support of removal, states as follows:

1.      This case is currently pending in the Superior Court of Connecticut, judicial district of New Haven under case number NNH-CV-17-6073079-S.   The territory assigned to the United States District Court for the District of Connecticut under 28 U.S.C. § 86 includes the County of New Haven, where the plaintiff is alleged to be located.

2.      Plaintiff's counsel confirmed, in writing on October 27, 2017, that the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interests and costs.

3.      A copy of the Summons and Complaint was served on Ronald Smalling by certified mail on or about July 28, 2017. A copy of the Summons and Complaint is attached as Exhibit A pursuant to 28 U.S.C. § 1446(a).

4.      A copy of the Summons and Complaint was served on JNR Freight Systems, Corp. by certified mail on or about July 28, 2017.

5.      A copy of plaintiff's Summons and Complaint has not yet been served on the defendant, Eastern Drayage.

6.      The thirty (30) day period within which the defendants may petition this Court for removal under 28 U.S.C. § 1446(b) has not yet expired and, therefore, the Notice of Removal is filed within the time allowed by law.

7.      Removal is occurring more than thirty (30) days after service on Ronald Smalling and JNR Freight Systems.

8.      By this action, the plaintiffs who were allegedly injured in a motor vehicle accident, assert various claims of negligence against all defendants.

9.      Upon information and belief, the first plaintiff, Marixsa Melendez, resides at 1143 Townsend Avenue, New Haven, Connecticut 06512.

10.     Upon information and belief, the second and third plaintiffs, Elsa Yohana Melendez, guardian of minors Camila Melendez, and Jonathan Melendez, reside at 3321 Chauncey Place, Apt. 202, Mt. Rainer, Maryland 20712.

11.     Upon information and belief, the fourth plaintiff, Maryluz Sotelo, guardian of minor Julianis Santiago, resides in West Haven, Connecticut.

12.     Upon information and belief, the defendant, Ronald Smalling, lives at 315 E. 4th Street, Mount Vernon, New York 10553.

13.     Upon information and belief, the defendant, JNR Freight Systems Corp., has its principal place of business located at 622 E. 26th Street, 3d Floor, Paterson, New Jersey 07504.

14.     Upon information and belief, the defendant, Eastern Drayage, Inc. has its principal place of business located at 10 Jabez Street, #160, Newark, New Jersey.

15.     The Court has original (diversity) jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interests and costs, and the plaintiff and defendants are citizens or entities of different states.

16.     None of the defendants have previously sought to remove this action.

17.     There are two pending motions in State Court requiring the Court's attention. A separate pleading contains copies of those motions.

18.     All counsel agree there is diversity of the parties, and the amount of controversy is over $75,000, but the plaintiff does not consent to removal of this matter to Federal Court.

19.     After this Notice of Removal is filed, written notice of the filing of this Notice of Removal will immediately be given to all parties.  Notice of this Removal will also be filed simultaneously in the Superior Court of Connecticut, Judicial District of New Haven.

WHEREFORE, the defendants, request that this case be removed from the Connecticut Superior Court, Judicial District of New Haven to this Court.

Respectfully submitted,
FOR THE DEFENDANTS

/s/

By: _____
Elycia D. Solimene (CT 25715)
Kristen L. Stumpo (CT 29123)
Solimene & Secondo, LLP
1501 East Main Street, Suite 204
Meriden, Connecticut 06450
(203) 599-0140
Solimene&ss-llp.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2017, a copy of the foregoing was served by electronic mail & regular mail to the following:

*Gregory J. Sachs*
*420 East Main Street*
*Building 2, Suite 4*
*Branford, CT 06405*


_____/s/_____
Elycia D. Solimene
Kristen L. Stumpo

**EXHIBIT A**

# SUMMONS - CIVIL
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 CHURCH STREET, NEW HAVEN, CT 06510 | ( 203 ) 503-6800 | AUGUST   29 , 2 017 <br> Month   Day   Year |

| ☒ Judicial District | ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) <br> NEW HAVEN | Case type code *(See list on page 2)* <br> Major: **V**   Minor: **01** |
|---|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* <br> GREGORY J SACHS, 420 EAST MAIN STREET, BUILDING 2, SUITE 4, BRANFORD, CT 06405 | Juris number *(to be entered by attorney only)* <br> 405615 |
|---|---|
| Telephone number *(with area code)* <br> ( 203 ) 483-1984 | Signature of Plaintiff *(If self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes   ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* <br> gsachs1898@yahoo.com |
|---|---|---|

| Number of Plaintiffs: 4 | Number of Defendants: 2 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name: | MELENDEZ, MARISXA | P-01 |
| | Address: | 1143 TOWNSEND AVENUE, NEW HAVEN, CT 06512 | |
| Additional Plaintiff | Name: | YOHANA MELENDEZ, ELSA, PPA OF CAMILA E. ALMENDAREZ MELENDEZ | P-02 |
| | Address: | 3321 CHAUNCEY PLACE, APT 202, MT RAINIER, MD 20712 | |
| First Defendant | Name: | SMALLING, RONALD D. | D-01 |
| | Address: | 315 E 4TH STREET, MOUNT VERNON, NY 10553 | |
| Additional Defendant | Name: | JNR FREIGHT SYSTEMS CORP. | D-02 |
| | Address: | 622 E 26TH STREET, 3RD FLOOR, PATERSON, NJ 07504 | |
| Additional Defendant | Name: | | D-03 |
| | Address: | | |
| Additional Defendant | Name: | | D-04 |
| | Address: | | |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> GREGORY J SACHS | Date signed <br> 5/24/17 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**MELENDEZ, MARISXA**

First named Defendant *(Last, First, Middle Initial)*
**SMALLING, RONALD D.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| YOHANA MELENDEZ, ELSA, PPA OF JONATHAN RODRIGUEZ MELENDEZ, 3321 CHUANCEY PLACE, APT 202, MT RAINIER, MD  20712 | | 03 |
| SOTELO, MARYLUZ, PPA OF JULIANIS SANTIAGO | 394 CENTER STREET, WEST HAVEN, CT  06516 | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

FOR COURT USE ONLY - File Date

Docket number

CIVIL SUMMONS-Continuation

RETURN DATE:  AUGUST 29, 2017　　　：　　SUPERIOR COURT

MARIXSA MELENDEZ, ET AL　　　　　：　　JD OF NEW HAVEN

V.　　　　　　　　　　　　　　　　：　　AT NEW HAVEN

RONALD D. SMALLING, ET AL　　　　：　　JULY 24, 2017

## COMPLAINT

**COUNT ONE:      AS TO MARIXSA MELENDEZ**

1. On or about August 2, 2015, Interstate 95 was a public roadway in the Town of Old Lyme, Connecticut.

2. On or about August 2, 2015, the plaintiff, Marixsa Melendez, was a resident of West Haven, Connecticut.

3. On or about August 2, 2015, the defendant driver, Ronald D Smalling, was a resident of Mount Vernon, New York.

4. On or about August 2, 2015, the defendant owner, JNR Freight Systems Corp, was a foreign corporation with its principal place of business located in Paterson, New Jersey.

5. On or about August 2, 2015, at approximately 2:34 pm, the plaintiff, Marixsa Melendez, was the operator of a 2001 Honda motor vehicle, owned by and with the permission of the owner, Melendez Services, LLC, and was traveling northbound on Interstate 95 in Old Lyme, Connecticut between exits 70 and 71.

6. At said time and place, the plaintiff stopped her vehicle due to traffic stopped in front of her.

7. At said time and place, the defendant driver, Ronald D Smalling, was operating a 2003 Freightliner C12 tractor trailer truck, owned by and with the permission of the defendant owner, JNR Freight Systems Corp, also in a northerly direction on Interstate 95 in Old Lyme, Connecticut between exits 70 and 71, behind the plaintiff's vehicle.

8. Suddenly and without warning, the defendant driver, Ronald D. Smalling, struck the left rear of the plaintiff's vehicle with great force and violent impact causing the injuries and damages set forth below.

9. Said collision and the resultant injuries and damages to the plaintiff were caused by the carelessness and negligence of the defendant driver, Ronald D Smalling, in one or more of the following ways:

    a.  he was inattentive and failed to keep a proper lookout for other vehicles on the roadway;

    b.  he operated his vehicle at a greater rate of speed than the circumstances warranted in view of the conditions then and there existing;

    c.  he failed to make timely and reasonable use and application of the brakes and braking systems on the motor vehicle in order to bring it to

a stop before colliding with the plaintiff's vehicle, when in the exercise of reasonable care he should have been able to do so;

d.  he failed to keep his motor vehicle under proper and reasonable control and steer the course and movement of his vehicle so as to avoid colliding with the plaintiff's vehicle;

e.  he failed to sound his horn or give any warning to the plaintiff of the impending collision; and

f.  he followed the plaintiff's vehicle more closely than is reasonable and prudent in violation of Section 14-240 of the General Statutes.

8.  As a result of the carelessness and negligence of the defendant driver, Ronald D Smalling, the plaintiff sustained the following serious injuries, some or all of which may be permanent:

a.      cervicalgia, cervical radiculopathy and cervical radiculitis;

b.      cervical musculoligamentous strain and sprain and pain;

c.      lumbar radiculopathy and lumbar radiculitis;

d.      lumbar musculoligamentous strain and sprain and pain;

e.      thoracic facet pain syndrome;

f.      thoracic musculoligamentous strain and sprain and pain;

g.      post traumatic headaches;

h.      contusion of the right knee;

i.      right knee musculoligamentous strain and sprain and pain;

3

j.    internal derangement of the right knee;

k.    acute cubital tunnel syndrome of the right elbow;

l.    nine (9) percent permanent partial impairment of the cervical spine;

m.    ten to twelve (10-12) percent permanent partial impairment of the right elbow;

n.    five (5) percent permanent partial impairment of the lumbosacral spine;

o.    mental anguish, loss of sleep and nervous tension;

p.    severe shock to the nervous system.

9.    As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the plaintiff was obliged to incur expenses for medical treatment, medication, x-rays, physiotherapy, cortisone injections, medical supplies and related items and may be obliged to incur additional expenses of a similar nature in the future, all to her financial detriment.

10.    As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the plaintiff's abilities to perform and enjoy her normal daily activities have been impaired and her quality of life in the future has been permanently damaged.

**COUNT TWO:**   **AS TO ELSA YOHANA MELENDEZ PPA OF CAMILA E.
ALMENDAREZ MELENDEZ**

1. On or about August 2, 2015, Interstate 95 was a public roadway in the Town
   of Old Lyme, Connecticut.

2. On or about August 2, 2015, the plaintiff, Marixsa Melendez, was a resident of
   West Haven, Connecticut.

3. At all times mentioned herein, the plaintiff, Elsa Yohana Melendez, appears in
   this action as parent and next friend of her unemancipated minor child,
   Camila E. Almendarz Melendez.

4. Camila E. Almendarez Melendez (the minor plaintiff) was born on November
   21, 2012 and is a resident of Mt Rainier, Maryland.

5. On or about August 2, 2015, the defendant driver, Ronald D Smalling, was a
   resident of Mount Vernon, New York.

6. On or about August 2, 2015, the defendant owner, JNR Freight Systems
   Corp, was a foreign corporation with its principal place of business located in
   Paterson, New Jersey.

7. On or about August 2, 2015, at approximately 2:34 pm, the minor plaintiff,
   Camila E. Almendarez Melendez, was a passenger in the vehicle operated by
   the plaintiff, Marixsa Melendez which was traveling northbound on Interstate
   95 in Old Lyme, Connecticut between exits 70 and 71.

8. At said time and place, the plaintiff, Marixsa Melendez, stopped her vehicle due to traffic stopped in front of her.

9. At said time and place, the defendant driver, Ronald D Smalling, was operating a 2003 Freightliner C12 tractor trailer truck, owned by and with the permission of the defendant owner, JNR Freight Systems Corp, also in a northerly direction on Interstate 95 in Old Lyme, Connecticut between exits 70 and 71, behind the plaintiff's vehicle.

10. Suddenly and without warning, the defendant driver, Ronald D. Smalling, struck the left rear of the vehicle in which the minor plaintiff was a passenger with great force and violent impact causing the injuries and damages set forth below.

11. Said collision and the resultant injuries and damages to the minor plaintiff were caused by the carelessness and negligence of the defendant driver, Ronald D Smalling, in one or more of the following ways:

   a. he was inattentive and failed to keep a proper lookout for other vehicles on the roadway;

   b. he operated his vehicle at a greater rate of speed than the circumstances warranted in view of the conditions then and there existing;

   c. he failed to make timely and reasonable use and application of the brakes and braking systems on the motor vehicle in order to bring it to

a stop before colliding with the plaintiff's vehicle, when in the exercise of reasonable care he should have been able to do so;

d.  he failed to keep his motor vehicle under proper and reasonable control and steer the course and movement of his vehicle so as to avoid colliding with the plaintiff's vehicle;

e.  he failed to sound his horn or give any warning to the plaintiff of the impending collision; and

f.  he followed the plaintiff's vehicle more closely than is reasonable and prudent in violation of Section 14-240 of the General Statutes.

8.  As a result of the carelessness and negligence of the defendant driver, Ronald D Smalling, the minor plaintiff sustained the following serious injuries, some or all of which may be permanent:

    a.    posttraumatic headaches;

    b.    sprain of the ligaments of the cervical spine;

    c.    mental anguish, loss of sleep and nervous tension; and

    d.    severe shock to the nervous system.

9.  As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the minor plaintiff was obliged to incur expenses for medical treatment, medication, x-rays, physiotherapy, medical supplies and related items and may be obliged to incur

additional expenses of a similar nature in the future, all to her parent's financial detriment.

10. As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the plaintiff's abilities to perform and enjoy her normal daily activities have been impaired and her quality of life in the future has been permanently damaged.

**COUNT THREE:     AS TO ELSA YOHANA MELENDEZ PPA OF JONATHAN RODRIGUEZ MELENDEZ**

1. On or about August 2, 2015, Interstate 95 was a public roadway in the Town of Old Lyme, Connecticut.

2. On or about August 2, 2015, the plaintiff, Marixsa Melendez, was a resident of West Haven, Connecticut.

3. At all times mentioned herein, the plaintiff, Elsa Yohana Melendez, appears in this action as parent and next friend of her unemancipated minor child, Jonathan Rodriguez Melendez.

4. Jonathan Rodriguez Melendez (the minor plaintiff) was born on September 8, 2006 and is a resident of Mt Rainier, Maryland.

5. On or about August 2, 2015, the defendant driver, Ronald D Smalling, was a resident of Mount Vernon, New York.

8

6.  On or about August 2, 2015, the defendant owner, JNR Freight
    Systems Corp, was a foreign corporation with its principal place of
    business located in Paterson, New Jersey.

7.  On or about August 2, 2015, at approximately 2:34 pm, the minor
    plaintiff, Jonathan Rodriguez Melendez, was a passenger in the
    vehicle operated by the plaintiff, Marixsa Melendez, which was
    traveling northbound on Interstate 95 in Old Lyme, Connecticut
    between exits 70 and 71.

8.  At said time and place, the plaintiff, Marixsa Melendez, stopped her
    vehicle due to traffic stopped in front of her.

9.  At said time and place, the defendant driver, Ronald D Smalling, was
    operating a 2003 Freightliner C12 tractor trailer truck, owned by and
    with the permission of the defendant owner, JNR Freight Systems
    Corp, also in a northerly direction on Interstate 95 in Old Lyme,
    Connecticut between exits 70 and 71, behind the plaintiff's vehicle.

10. Suddenly and without warning, the defendant driver, Ronald D.
    Smalling, struck the left rear of the vehicle in which the minor plaintiff
    was a passenger with great force and violent impact causing the
    injuries and damages set forth below.

11. Said collision and the resultant injuries and damages to the minor
    plaintiff were caused by the carelessness and negligence of the

defendant driver, Ronald D Smalling, in one or more of the following ways:

a.  he was inattentive and failed to keep a proper lookout for other vehicles on the roadway;

b.  he operated his vehicle at a greater rate of speed than the circumstances warranted in view of the conditions then and there existing;

c.  he failed to make timely and reasonable use and application of the brakes and braking systems on the motor vehicle in order to bring it to a stop before colliding with the plaintiff's vehicle, when in the exercise of reasonable care he should have been able to do so;

d.  he failed to keep his motor vehicle under proper and reasonable control and steer the course and movement of his vehicle so as to avoid colliding with the plaintiff's vehicle;

e.  he failed to sound his horn or give any warning to the plaintiff of the impending collision; and

f.  he followed the plaintiff's vehicle more closely than is reasonable and prudent in violation of Section 14-240 of the General Statutes.

8.  As a result of the carelessness and negligence of the defendant driver, Ronald D Smalling, the minor plaintiff sustained the following serious injuries, some or all of which may be permanent:

10

    a.      posttraumatic headaches;

    b.      sprain of the ligaments of the cervical spine;

    c.      mental anguish, loss of sleep and nervous tension; and

    d.      severe shock to the nervous system.

9. As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the minor plaintiff was obliged to incur expenses for medical treatment, medication, x-rays, physiotherapy, medical supplies and related items and may be obliged to incur additional expenses of a similar nature in the future, all to his parent's financial detriment.

10. As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the plaintiff's abilities to perform and enjoy his normal daily activities have been impaired and his quality of life in the future has been permanently damaged.

## COUNT FOUR:    AS TO MARYLUZ SOTELO PPA OF JULIANIS SANTIAGO

1. On or about August 2, 2015, Interstate 95 was a public roadway in the Town of Old Lyme, Connecticut.

2. On or about August 2, 2015, the plaintiff, Marixsa Melendez, was a resident of West Haven, Connecticut.

3.  At all times mentioned herein, the plaintiff, Maryluz Sotelo, appears in this action as parent and next friend of her unemancipated minor child, Julianis Santiago.

4.  Julianis Santiago (the minor plaintiff) was born on February 5, 2008 and is a resident of west Haven, Connecticut.

5.  On or about August 2, 2015, the defendant driver, Ronald D Smalling, was a resident of Mount Vernon, New York.

6.  On or about August 2, 2015, the defendant owner, JNR Freight Systems Corp, was a foreign corporation with its principal place of business located in Paterson, New Jersey.

7.  On or about August 2, 2015, at approximately 2:34 pm, the minor plaintiff, Julianis Santigao, was a passenger in the vehicle operated by the plaintiff, Marixsa Melendez, which was traveling northbound on Interstate 95 in Old Lyme, Connecticut between exits 70 and 71.

8.  At said time and place, the plaintiff, Marixsa Melendez, stopped her vehicle due to traffic stopped in front of her.

9.  At said time and place, the defendant driver, Ronald D Smalling, was operating a 2003 Freightliner C12 tractor trailer truck, owned by and with the permission of the defendant owner, JNR Freight Systems Corp, also in a northerly direction on Interstate 95 in Old Lyme, Connecticut between exits 70 and 71, behind the plaintiff's vehicle.

12

10. Suddenly and without warning, the defendant driver, Ronald D. Smalling, struck the left rear of the vehicle in which the minor plaintiff was a passenger with great force and violent impact causing the injuries and damages set forth below.

11. Said collision and the resultant injuries and damages to the minor plaintiff were caused by the carelessness and negligence of the defendant driver, Ronald D Smalling, in one or more of the following ways:

a. he was inattentive and failed to keep a proper lookout for other vehicles on the roadway;

b. he operated his vehicle at a greater rate of speed than the circumstances warranted in view of the conditions then and there existing;

c. he failed to make timely and reasonable use and application of the brakes and braking systems on the motor vehicle in order to bring it to a stop before colliding with the plaintiff's vehicle, when in the exercise of reasonable care he should have been able to do so;

d. he failed to keep his motor vehicle under proper and reasonable control and steer the course and movement of his vehicle so as to avoid colliding with the plaintiff's vehicle;

e.  he failed to sound his horn or give any warning to the plaintiff of the impending collision; and

f.  he followed the plaintiff's vehicle more closely than is reasonable and prudent in violation of Section 14-240 of the General Statutes.

8.  As a result of the carelessness and negligence of the defendant driver, Ronald D Smalling, the minor plaintiff sustained the following serious injuries, some or all of which may be permanent:

    a.    cervical sprain and strain;

    b.    cervical segmental dysfunction;

    c.    cervicalgia;

    d.    myalgia and myositis;

    e.    thoracic sprain and strain;

    f.    thoracic segmental dysfunction;

    g.    mental anguish, loss of sleep and nervous tension; and

    h.    severe shock to the nervous system.

9.  As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the minor plaintiff was obliged to incur expenses for medical treatment, medication, x-rays, physiotherapy, medical supplies and related items and may be obliged to incur additional expenses of a similar nature in the future, all to her parent's financial detriment.

14

10. As a further result of the carelessness and negligence of the defendant driver, Ronald D. Smalling, the plaintiff's abilities to perform and enjoy his normal daily activities have been impaired and his quality of life in the future has been permanently damaged.

WHEREFORE, the plaintiffs claim:

1.    Monetary damages within the jurisdiction of the Court;

2.    Costs; and

3.    Any other relief the Court may deem appropriate.


                                    THE PLAINTIFFS


BY_____
                    Gregory J. Sachs
                    420 E. Main Street
                    Building 2, Suite 4
                    Branford, CT 06405
                    (203) 483-1984
                    Juris No. 405615

16

RETURN DATE:  AUGUST 29, 2017     :      SUPERIOR COURT

MARIXSA MELENDEZ, ET AL     :     JD OF NEW HAVEN

V.     :     AT NEW HAVEN

RONALD D. SMALLING, ET AL     :     JULY 24, 2017

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is in excess of Fifteen Thousand Dollars ($15,000.00) or more, exclusive of interest and costs.

THE PLAINTIFFS

BY _____

Gregory J. Sachs
420 E. Main Street
Building 2, Suite 4
Branford, CT 06405
(203) 483-1984
Juris No. 405615

17